*39 OPINION of the Court, by
Judge Log ax.
Kenny exhibited his bill with injunction alleging certain payments to have been made upon an -iisv.rims agreement with Talbot, for the forbearance to sue out execution on a. judgment against him the said Kenny.
The bill in substance charges, that a judgment at law had been recovered and replevied; and the defendant, Presley Talbot, having become the proprietor thereof, entered into an agreement with -thc complainant, that he would forbear to sue out an execution on the replevin bond, in consideration that he the complainant, would pay to him the sum of $7 50 cents per month as interest on the debt, in lieu of the legal interest accruing thereon. That by virtue of said agreement, he, on the 24th of August, 1808, executed to said Talbot two notes, one for the sum of ⅞ 15, and the other for ⅞ 14 17 cents. That on the 24th of November in the same, year, he passed another note to the said defendant for the sum of $ 16 50 cents, and on the 15th Of December one other for g 15. AH of which he alleges were given in consideration of the usurims interest «jn the agreement aforesaid ; and which he avers to have paid, as by said notes referred to as a part of his bill will appear.
But againfi: T, the complainant is entitled to relief and decree for the amount paid on theufu* ¿X0U8 Contract*
That he executed two other notes for about jthe samé sum of ⅝ 15 each, which he paid, but has either destroyed or mislaid them. And that afterwards, in May 1809, having a settlement with said defendant, who professing to have such high confidence in the complainant, took no other note for the payment of the said usurious Sum of gr 50 cents per month ; but which lie, notwithstanding, continued to pay till the last of April 1810, at least twenty months, making ⅜ 150.
He further alleges, that about the 24th of November, 1808, ho borrowed of the said Talbot the farther sum of g 50, and about a month thereafter he paid to the defendant ¶> 21, as interest thereon, making up the sum of $71, which he then discharged on account of that debt for borrowed money.
That .the defendant Talbot transferred the reple-vin bond to Henry Timberlakc and Robert Trimble on the 20th of February, 1810, who had issued execution thereon, without giving any credit whateversold property by virtue thereof, to the amount of g 101 50 cents# and were about to coerce the balance of the debt.
The defendants Timberlakc and Trimble, state that they refused to purchase the said debt, until the complainant gave assurances that he would by a given day pay the same, and actually did, by letter of the 1.8th of February, induce them under such assurances to purchase the debt. They deny knowledge of the usury charged, or payments set up, and aver the payment of a valuable consideration for said debt.
The answer of Talbot is, however, of a very different complexion, and requires more particular examination.
With respect to the assignees of the bond, the case in effect stands upon the negations of the answer. There is no evidence contradictory thereto. If even the answer of Talbot were in confliction with theirs, it is not evidence against them : for the rule is> that the answer of one defendant cannot he taken as evidence against another defendant. Besides, after inducing others to become the purchasers of a debt on him, under positive assurances of payment, it would but ill accord with the rules of, equity, to permit him to avail himself of his own act to their injury.(a)
We are, therefore, of opinion that the circuit court correctly dissolved the injunction and dismissed the bill as to all the defendants, except Talbot. But as respects *41 him, we think a different decree should have been given. He does not deny that he received the amount of the four notes in the hill referred to, making the sum of ¾60 67; nor does he deny the receipt of 31. 16s. 6d. from Young, &c. or .41.10s. from Timberlake, charged to have been received in consideration and on account of debts created upon and growing out of the debtdue on-the re-plevy bond. As to the other sums alleged, it is believed the answer does, though not very directly or satisfactorily deny them.
For the amount, therefore, of the four notes mentioned in the bill, with interest thereon from the time they became due, at the rate of 6 per cent, and for: the sums of 31.16s. 6d. and 41. 10s. with interest on those sums from the filing Of the complainant’s bill, ás it does not appear at what time before they were paid, the complainant shows payments in part of the debt on the replevin bond, and to which, as against the defendant Talbot, he would have been entitled as credits, had he remained the proprietor of said debt; and he having received payment therefor under his assignments ought to be decreed to pay it.
Some doubt might be entertained, whether the complainant ought not also to have a decree for the interest on the replevy bond. But as the case does not coime strictly within the statute concerning usury, and that act operating as a penal statute on the forfeiture of the interest, we therefore have regarded the case made out as resting upon general principle, with regard to the extent of the recovery.
The decree of the circuit court dismissing the complainant’s bill against the defendant ;Talbot with cost, must be reversed, and the cause remanded for a decree To be rendered conformable to the foregoing opinion wfth ; C0st¿

 Vide vol. 2, Gerault vs Anderfon, 543, Crittenden's admnistrators vs. Craig, 474.